**Lori L. FORD, Appellant,**

v.

**LANDMARK GRAPHICS CORPORATION,**
**Appellee.**

No. 06–93–00059–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 14, 1994.

Decided April 13, 1994.

**34**

David T. Lopez, Houston, for appellant.

Fraser A. McAlpine, Andrews & Kurth, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Lori Ford appeals from a district court order denying her petition for a temporary injunction. Ford had sued her employer, Landmark Graphics Corporation, for damages that she allegedly suffered because of Landmark's retaliation against her for reporting illegal activities by Landmark's officers. Landmark later discharged Ford. She then filed this suit for an injunction prohibiting Landmark from discharging her and requiring it to reinstate her. The district court refused to issue the injunction. We affirm.

To be entitled to a temporary injunction, an applicant must show a probable right to recover in her suit; that if the injunction is not issued, she will suffer imminent, irreparable harm; and that she has no adequate remedy at law. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978); *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216 (Tex.1968). The trial court errs in refusing a temporary injunction only if its refusal constitutes an abuse of discretion. *Davis v. Huey,* 571 S.W.2d at 862.

Apparently, the district court denied the injunctive relief because Ford failed to show a probable right to recover. If so, the court was correct and did not abuse its discretion.

It is undisputed that Ford's employment was an at-will relationship. She was therefore subject to discharge for any cause other than those coming within the exceptions recognized by Texas law. *Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723 (Tex.1990), and cases there cited.

Ford based her cause of action against Landmark on a private "whistleblower" cause of action, which would allow damages and reinstatement to an employee who was discharged because she reported illegal activities on the part of her employer. Texas does not recognize such a cause of action. *Winters v. Houston Chronicle Publishing*

*Co.*, 795 S.W.2d 723.[1] As Ford could not show a probable right to relief, she was not entitled to the injunction.

■ Ford also failed to show that she would suffer irreparable harm if the injunction did not issue and that she had no adequate remedy at law. Even if she had a cause of action against Landmark for improper discharge, a judgment after trial awarding damages and possibly ordering reinstatement would be an adequate remedy at law. *See Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); *Equal Employment Opportunity Comm'n v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981).

■ Ford argues that the injunction should have been issued because, if she is not immediately reinstated, it will set an example that will make other employees of Landmark afraid to testify about the alleged illegal activities. This argument fails because, since Ford has no cause of action under Texas law, the testimony of the other employees will neither be material nor dispositive in her suit. She cannot recover in any event. Of course, Ford has no standing to represent the interests of those other employees unless their testimony would in some way benefit her.

The cases Ford relies on for support of her position in this regard are inapposite. They involved actions because of race or gender discrimination prohibited by federal statutes, where Equal Employment Opportunity Commission regulations were involved, and where the plaintiffs had recognized causes of action on which they could recover. In cases of that kind, injunctions prohibiting discharge may be appropriate to avoid the "chilling effect" that a discharge would have on other employees' testimony supporting either the plaintiff's cause of action or that may be necessary to the EEOC's investigation. *See Holt v. Continental Group, Inc.*, 708 F.2d 87 (2nd Cir.1983); *Equal Employment Opportunity Comm'n v. Anchor Hocking Corp.*, 666 F.2d 1037; *Equal Employment Opportunity*

*Comm'n v. Pacific Press Publishing Ass'n*, 535 F.2d 1182 (9th Cir.1976). We do not have such a situation here.

Landmark complains that Ford has not preserved her right to complain because her points of error on appeal do not comport with those she listed in her request for a partial statement of facts pursuant to TEX.R.APP.P. 53(d). Ford, however, provided a complete statement of facts for the appeal. Since a complete statement of facts has been provided, we need not apply the presumptions allowed by Rule 53(d). *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990).

For the reasons stated, we affirm the district court's judgment.

1. Texas does recognize a "whistleblower" cause of action in limited areas. *See McClendon v. Ingersoll–Rand Co.*, 779 S.W.2d 69 (Tex.1989), *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1804, 108

L.Ed.2d 935 (1990); *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985); *see also Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 724 n. 1 (Tex.1990).