**Wanda Sue BELL**

v.

**SPECIALTY PACKAGING PRODUCTS.**

No. EP–92–CA–299–F.

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 21, 1994.

Malone & Davie, Roger C. Davie and Mitch Moss, El Paso, Texas, for plaintiff, Wanda Sue Bell.

McMahon, Berger, Hanna, Linihan, Cody & McCarthy, James N. Foster, Jr. and Thomas E. Berry, St. Louis, Missouri, for defendant, Specialty Packing Products, Inc.

## MEMORANDUM OPINION AND ORDER

FURGESON, District Judge.

Plaintiff Wanda Sue Bell ("Bell" or "Plaintiff") filed this suit against Defendant Specialty Packaging Products, Inc. ("Specialty" or "Defendant") alleging 1) unlawful termination under the Age Discrimination and Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq;* 2) sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq,* (Title VII); and 3) a pendant state law claim of wrongful termination based on her alleged refusal to perform an illegal act. This matter was tried before this court.

### I. FACTUAL FINDINGS

The parties have stipulated to the relevant facts.

1. In 1988, Bell began employment in a medical device manufacturing plant operated by Defendant. Bell was hired as a "buyer," but advanced to the position of "purchasing supervisor" during her tenure.

2. In January of 1991, Plaintiff was advised by Eileen Le May, a human resources manager for Specialty, that she was to be "laid-off" due to a downturn in work at the plant. The layoff was effective June 21, 1991.

3. There was a 50 percent across-the-board decrease in the number of employees in the section in which Bell worked as a result of the "layoff." Bell nonetheless claims that the layoff was pretextual and that the actual reason for her termination was the fact that

she was a woman, over 40 years of age, and alternatively, that she refused to perform an illegal act as ordered by Specialty. Bell points to no specific evidence which supports her claim that the reasons given for her termination were pretextual.

4. The alleged illegal act at issue is Bell's receipt of faulty diaphragms that are used for volume ventilatory circuits. After Terry Kelly, the plant manager and former quality control manager, placed an order for a set of diaphragms, Plaintiff discovered that these items were defective. Plaintiff claims that her receipt of the diaphragms would have subjected her to criminal liability under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 351, and the Texas Food, Drug, and Cosmetic Act, Tex.Health and Safety Code Ann. § 431.111. Bell refused to accept the diaphragms. However, Kelly overrode Bell and accepted the diaphragms himself. Plaintiff was then "laid off."

## CONCLUSIONS OF LAW

### 1. Age and Sex Discrimination

Plaintiff's first and second causes of action are not meritorious. For the purposes of this opinion, Bell's sex and age discrimination claims are examined together, as the elements of proof are roughly the same. *See Portis v. First Nat. Bank of New Albany,* 34 F.3d 325, 328 n. 6 (5th Cir.1994) (Title VII); *Fields v. J.C. Penney Co.,* 968 F.2d 533, 536 (5th Cir.1992) (ADEA).

Here, Plaintiff has failed to demonstrate a *prima facie* case of either age or sex discrimination. One element that must be shown is that the plaintiff was replaced by someone outside the protected class.[1] *See Portis,* 34 F.3d at 328, n. 6, *Fields,* 968 F.2d at 536. That is not the case here. Bell concedes that no replacement filled her job after she was fired. As Plaintiff cannot establish a *prima facie* case of age or sex discrimination, her claims fail.

Even if Plaintiff could establish a *prima facie* case of age or sex discrimination, Specialty has offered legitimate nondiscriminatory reasons for her termination. Specialty has argued that Bell was terminated pursuant to a general reduction in work force at the plant. Defendant would thus meet its burden of production in rebutting Plaintiff's *prima facie* case, were one to be demonstrated. Plaintiff cannot establish that Specialty's asserted reasons for termination are pretextual and consequently cannot prevail. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (explaining shifting presumptions in Title VII scheme).

### 2. *Sabine Pilot* claim

Plaintiff's state law claim of wrongful discharge similarly fails. While at-will employment is the general rule in Texas, courts have recognized a narrow public policy exception where the employee is terminated for failure to perform an illegal act. *See Sabine Pilot Serv. Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). *Sabine Pilot* claims of wrongful discharge are only available where refusal to perform an illegal act is the sole reason for the discharge. *See Guthrie v. Tifco Industries,* 941 F.2d 374 (5th Cir.1991), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992); *Robertson v. Bell Helicopter Textron,* 32 F.3d 948 (5th Cir.1994). It is clear from the facts that at least one reason for Plaintiff's termination was the reduction in work force at the plant. Her *Sabine Pilot* claim therefore fails since the alleged refusal to perform an illegal act cannot be the sole reason for her discharge.

### CONCLUSION

Accordingly, this Court renders judgment in favor of Defendant. The parties will bear their own costs.

---

1. Under the ADEA, the hiring of a replacement within the protected class, so long as that person is younger, is also sufficient to establish a *prima facie* case. *See Fields,* 968 F.2d at 536 n. 2. Thus, one of the following must be shown: 1) that the employee was replaced by someone outside the protected class; 2) that the employee was replaced by someone younger; or 3) that the employee was otherwise discharged because of her age. *Id.*