**Elizabeth J. LOUVIERE and Kevon M. Louviere, Appellants,**

v.

**HEARST CORPORATION,** Hearst **Newspapers Partnership, II, L.P., d/b/a Beaumont Enterprise, Craig Stark, and David Pero, Appellees.**

No. 09–07–517 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 27, 2008.

Decided Oct. 30, 2008.

Fritz Barnett, Law Office of Fritz Barnett, Houston, for appellants.

Laura Gibson, William W. Ogden, Ogden, Gibson, Broocks & Longoria, L.L.P., Houston, for appellees.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Elizabeth J. Louviere and Kevon M. Louviere appeal the summary judgment granted in favor of Hearst Corporation, Hearst Newspapers Partnership, II, L.P., d/b/a Beaumont Enterprise, Craig Stark, and David Pero. The Louvieres contend the trial court erred in granting judgment for the defendants on Elizabeth Louviere's *Sabine Pilot* claim of wrongful discharge. *See Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). We affirm the summary judgment.

Elizabeth Louviere sold newspaper advertisements for a Hearst publication called *The Orange County News.* In March 2005, Louviere filed a complaint with the EEOC that alleged gender discrimination and violations of the Equal Pay Act. Louviere signed a notice of resignation, and then sued Hearst Newspapers Partnership, II, L.P. in federal court for gender discrimination, violations of the Equal Pay Act, and retaliatory discharge.

After the deadline passed for amending pleadings in the federal case, Louviere filed a motion for leave to file a first amended complaint. The amended complaint continued to allege she was forced to resign as a result of gender discrimination, Equal Pay Act violations, and in retaliation for filing an EEOC charge. She also asserted in the amended complaint that she was constructively discharged in violation of the Texas and federal whistleblower statutes. She alleged that the circulation numbers the newspaper represented to advertisers were incorrect, and that she and others were instructed to dispose of newspapers in "trash dumpsters" and through "other disposal methods."

The federal court denied her motion to amend her complaint. In a memorandum and order, the court explained that "[w]here the proposed claim is subject to dismissal or an amendment would be futile, leave to amend should be denied." The federal court reasoned that since Louviere did not contend she was terminated for refusing to perform an illegal act, she did not fall under the *Sabine Pilot* exception to the employment-at-will doctrine. *See Sabine Pilot,* 687 S.W.2d 733. The Court ruled as follows:

> Here, Plaintiff's proposed amendment would be futile, as Louviere fails to provide the court with any specific state or federal law upon which she can base her whistleblower claim. Under Texas law, there is no cause of action available to employees in the private sector who are terminated for reporting illegal activity, *i.e.,* whistleblowing. *See Austin v. HealthTrust, Inc.—The Hosp. Co.,* 967 S.W.2d 400, 403 (Tex.1998); *Winters v. Houston Chronicle Publ'g Co.,* 795 S.W.2d 723, 724–25 (Tex.1990); *Runge v. Raytheon E–Sys., Inc.,* 57 S.W.3d 562, 566 (Tex.App.-Waco 2001, no pet.); *Mayfield v. Lockheed Eng'g & Scis. Co.,* 970 S.W.2d 185, 188 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *Thompson v. El Centro Del Barrio,* 905 S.W.2d 356, 359 (Tex.App.-San Antonio 1995, writ denied); *Ford v. Landmark Graphics Corp.,* 875 S.W.2d 33, 34–35 (Tex. App.-Texarkana 1994, no writ). In *Sabine Pilot Serv., Inc.,* the Texas Supreme Court created a narrow exception to the employment-at-will doctrine for employees who are discharged "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985); *see Winters,* 795 S.W.2d at 724. The court in *Winters,* however, expressly declined to extend the *Sabine Pilot* exception to "an employee not asked to participate directly in illegal conduct but instead to condone, by remaining silent, activities in the workplace that have a probable adverse effect upon the public." *Id.* at 725 (Doggett, J., concurring). The court reasoned that an employee who alleges that he was terminated for reporting illegal activity to management does not fall within the *Sabine Pilot* exception because "he was not unacceptably forced to choose between risking criminal liability or being discharged from his livelihood." *Id.* at 724. In light of the fact that Louviere does not contend she was terminated by the Beaumont Enterprise for refusing to perform an illegal act, she does not fall under the *Sabine Pilot* exception and, therefore, cannot state a claim for relief under Texas law.

After her lawyer withdrew, and on the last day given her by the federal court to find new counsel, Louviere moved to dismiss the federal cause of action. In a second memorandum and order, the federal court noted that the decision on whether to dismiss the case rested within the court's discretion, and should be based upon terms and conditions the court deemed

proper. The court cited Rule 41(a)(2) of the Federal Rules of Civil Procedure and considered several factors in dismissing the case without prejudice, including the fact that no summary judgment motion was pending.

A few weeks later, the Louvieres filed this action in state court against Hearst Corporation, Hearst Newspapers Partnership, II, L.P., d/b/a Beaumont Enterprise, and supervisors Craig Stark and David Pero. Appellants did not reassert the employment discrimination claims made in federal court. Instead, in this case, appellants assert a wrongful termination claim under *Sabine Pilot*.[1] *See Sabine Pilot*, 687 S.W.2d 733. The Louvieres argue that appellees violated section 32.42(b) of the Texas Penal Code by selling, what the Louvieres describe as, "the service or product knowing that representations regarding the quantity of the service or product ... to be false." *See* Tex. Pen. Code Ann. § 32.42(b) (Vernon 2003). Appellants also argue that Elizabeth, by presenting false circulation statistics to advertisers, was a party to the offense. *See* Tex. Pen.Code Ann. § 7.01 (Vernon 2003). The Louvieres contend that "where an employer instruct[s] an employee [to] make a misrepresentation, a criminal act [is] committed by the employee." They suggest that Louviere may maintain a *Sabine Pilot* claim because she refused to continue the asserted illegal practice before her employment terminated.

In *Sabine Pilot*, the Texas Supreme Court recognized a narrow exception to the employment-at-will doctrine in Texas: "That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot*, 687 S.W.2d at 735. Plaintiff must prove her discharge was for no other reason than her refusal to perform an illegal act. *See id.; see also Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex.1995). If there is any other reason for the employee's discharge, she cannot meet her burden of proof under *Sabine Pilot*, even if the refusal to perform an illegal act was one of the reasons for the discharge. *See White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir.2003); *Bell v. Specialty Packaging Prods.*, 925 F.Supp. 475, 477 (W.D.Tex. 1994).

In federal court, Louviere attributed her resignation to factors other than a refusal to perform an illegal act. Louviere's motion in federal court to dismiss those claims without prejudice did not serve to disavow those claims. In the order granting Louviere's motion to dismiss without prejudice, the federal court noted that Louviere might choose to refile her employment discrimination claims before the statute of limitations expired, but that possibility was considered by the court as an insufficient reason to deny the motion to dismiss.

When a plaintiff asserts an additional reason for a discharge, such as gender discrimination, generally a *Sabine Pilot* claim is precluded and subject to dismissal in federal court. *See Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 952–53 (5th Cir.1994), *cert. denied*, 513 U.S. 1154, 115 S.Ct. 1110, 130 L.Ed.2d 1075 (1995) (affirming dismissal of *Sabine Pilot* claim, and holding that plaintiff's claim that he was fired in retaliation for investigating employer's actions was inconsistent with his *Sabine Pilot* claim); *Pease v. Pak-*

---

1. Although Kevon Louviere also asserted a claim for assault and battery, and the Louvieres asserted claims for intentional infliction of emotional distress, the Louvieres limit their appellate issue to Elizabeth's *Sabine Pilot* claim and do not challenge the summary judgment granted on their other claims.

*hoed Corp.,* 980 F.2d 995, 997 n. 1 (5th Cir.1993) (Plaintiff who brings *Sabine Pilot* claim cannot advance additional claims); *Schutze v. Financial Computer Software,* No. 3:04–CV–0276–H, 2006 WL 2842008, at *7 (N.D.Tex. Sept.29, 2006) (Plaintiff's "myriad accusations," including disability discrimination and ERISA claims, precluded relief under *Sabine Pilot* and warranted summary judgment for employer); *United States v. Columbia Healthcare Corp.,* No. Civ. A. H–98–861, 2005 WL 1924187, at *21 (S.D.Tex. Aug.10, 2005) ("[C]ourts view [*Sabine Pilot*] claims as mutually exclusive of claims that other impermissible reasons motivated the employee's dismissal."); *Denson v. Meadwestvaco Corp.,* No. Civ. A. 3:04–CV–337–M, 2005 WL 2179116, at *7–8 (N.D.Tex. Sept.8, 2005) (Summary judgment dismissing *Sabine Pilot* claim was warranted where plaintiff also pled age and race discrimination.). Elizabeth's assertion in federal court that her constructive discharge was because of gender discrimination and retaliation for filing an EEOC claim is inherently inconsistent with a *Sabine Pilot* claim.

In their motion for summary judgment in this case, appellees asserted that Elizabeth's judicial admission in federal court precludes a *Sabine Pilot* claim in this case. The motion stated, "Ms. Louviere's pleadings in the Federal Case constitute a judicial admission from which Ms. Louviere cannot escape."

■ "A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it." *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.,* 606 S.W.2d 692, 694 (Tex.1980) (citations omitted). Pleadings in another case that are inconsistent with a party's position in a present case, unlike judicial ad-

missions, are not always conclusive on the admitter, but may be considered evidence which the admitter may explain, contradict, or deny. *See DowElanco v. Benitez,* 4 S.W.3d 866, 871 (Tex.App.-Corpus Christi 1999, no pet.); *see also State v. Brazos River Harbor Nav. Dist.,* 831 S.W.2d 539, 545 (Tex.App.-Corpus Christi 1992, writ denied); *City of College Station v. Seaback,* 594 S.W.2d 772, 778 (Tex.Civ. App.-Waco 1979, writ ref'd n.r.e.). A statement may rise to the level of a judicial admission, however, if certain conditions are met. *See DowElanco,* 4 S.W.3d at 871.

■ It may be unjust to allow a party to recover after it has clearly negated its right to recover. *Id.* When a party in a judicial proceeding makes a deliberate, clear, and unequivocal declaration of an essential fact on which a judgment for the opposing party could be based, conclusive effect will be given to the declaration, if giving the declaration that effect is consistent with the public policy reasons for the judicial admission rule. *See Brown v. Lanier Worldwide, Inc.,* 124 S.W.3d 883, 900 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

■ Under appropriate circumstances, a pleading in another lawsuit may be considered a judicial admission. *See id.* To be treated as a judicial admission, a party's statement must meet five requirements: (1) the statement relied on is made during the course of a judicial proceeding; (2) the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person making the statement; (3) the statement is deliberate, clear, and unequivocal; (4) giving conclusive effect to the statement will be consistent with the policy on which the judicial admission rule is based; and (5) the statement is not also destructive of the oppos-

ing party's theory of recovery. *See Dow-Elanco,* 4 S.W.3d at 871.

▉ Appellants did not address the judicial admission ground in their response to appellees' motion for summary judgment. Appellants' response addressed, among other grounds, judicial estoppel. "Judicial admission" and "judicial estoppel" are separate principles. Judicial estoppel is a "rule of procedure based on justice and sound public policy" that bars a party from taking a position inconsistent with one taken successfully in an earlier proceeding. *Pleasant Glade Assembly of God v. Schubert,* 264 S.W.3d 1 (Tex., 2008). A judicial admission, by contrast, "results when a party makes a statement of fact which conclusively disproves a right of recovery or defense currently asserted." *Brown,* 124 S.W.3d at 900.

Appellants did not contradict or deny appellees' assertion in the motion for summary judgment that appellants' prior federal court pleadings asserted other reasons for Louviere's resignation; appellants do not challenge that fact in this Court either. In their brief in this Court, appellants again argue that the doctrine of judicial estoppel does not apply because (1)"[a]bandoned or amended pleadings cannot form a basis of judicial estoppel"[;] (2) estoppel was not pleaded; and (3) "Mrs. Louviere was not successful in the EEOC litigation."

▉ The issue we must determine is not the applicability of the judicial estoppel doctrine. Essentially, the ground asserted in the motion for summary judgment is that the claim in the federal case should be treated as a judicial admission—a deliberate, informed assertion conclusively establishing the fact that Louviere did not resign from her job solely because of her refusal to perform a criminal act. *See, e.g., Mendoza,* 606 S.W.2d at 694 (judicial admission is conclusive). Generally, abandoned pleadings are merely evidentiary

admissions. *Bay Area Healthcare Group, Ltd. v. McShane,* 239 S.W.3d 231, 233–35 (Tex.2007) (admissibility of superseded pleading); *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726, 729 (1941) ("abandoned pleading ceases to be binding on the pleader"). The issue we consider is whether the federal court claim should be treated as a conclusive judicial admission or merely an evidentiary admission.

Louviere's present claim is fundamentally in conflict with her prior pursuit of the federal claim. The federal claim was addressed by the federal judge, and a ruling was made which considered the lack of any assertion of a *Sabine Pilot* claim. In allowing the voluntary dismissal of the federal court suit, the federal judge made mention only of a possible later pursuit of the same claims pursued in federal court—the employment discrimination claims. The federal judge had previously determined Louviere was not asserting a *Sabine Pilot* claim.

In light of the analysis given Louviere's claim by the federal judge in making her rulings, we believe permitting plaintiff to pursue the claim she asserts here would in practical effect work an expansion of the "very narrow exception" set forth in *Sabine Pilot. See Sabine Pilot, Inc.,* 687 S.W.2d at 735 ("a very narrow exception"). We do not think that expansion is authorized under the specific circumstances in this case. *See generally Ed Rachal Foundation v. D'Unger,* 207 S.W.3d 330 (Tex. 2006) (deferring to Legislature). Louviere's federal court claim negated her right to recover on a *Sabine Pilot* claim in federal court, because a *Sabine Pilot* claim requires that the employee's refusal be the only reason for the discharge. *See Robertson,* 32 F.3d at 952–53; *Pease,* 980 F.2d at 997 n. 1. Under these circumstances, it would seem nonsensical for the law to permit a party to pursue a claim in state

court after she has negated her right to recover on that claim in federal court. *See generally DowElanco,* 4 S.W.3d at 871 (Pleading in federal court case given conclusive effect in state case.).

The trial court did not err in granting summary judgment. Under the exceptional circumstances presented, treatment of the claim in federal court as a judicial admission is consistent with the policy on which the judicial admission rule is based. *See generally Mendoza,* 606 S.W.2d at 694. We need not address the other grounds asserted in the motion for summary judgment. The trial court's judgment is affirmed.

AFFIRMED.

STEVE McKEITHEN, Chief Justice, concurring.

I respectfully concur only in the judgment of this Court. The majority holds that Elizabeth Louviere judicially admitted that she was terminated from her employment for a reason other than her refusal to perform an illegal act. I believe the admission is, at most, a quasi-admission that provides some evidence that Louviere was not terminated for the reason alleged in her petition, but does not conclusively establish that issue and therefore cannot bar her *Sabine Pilot* claim. However, since there is no evidence that Louviere was asked to perform an act that would subject her to criminal penalties under Section 32.42(b)(2) of the Texas Penal Code, the trial court did not err in granting summary judgment.

It is clear that Louviere filed an EEOC complaint based upon gender discrimination and violation of the Equal Pay Act, and that she briefly pursued those claims in federal court. These claims were dismissed without prejudice prior to trial. The summary judgment evidence in this case, however, does not establish that Lou-

viere's federal complaint alleged Hearst discharged her in retaliation for filing the EEOC complaint.

To support their claim that Louviere judicially admitted that she had been discharged for a reason other than her refusal to perform an illegal act, the appellees relied exclusively on Louviere's federal court first amended complaint. That petition never became Louviere's pleading because the federal court denied leave to file it. The federal court then dismissed the federal action without prejudice and without objection from the defendants. Thus, the appellees rely on a statement in a pleading which was never filed. Further, it is not clear that Louviere's live pleading at the time the federal case was dismissed included the allegation relied upon by the appellees to conclusively establish that Louviere cannot pursue a *Sabine Pilot* claim. Additionally, Louviere created a fact issue by controverting the quasi-admission. Louviere's summary judgment affidavit states that "[d]uring the course of my deposition, it became apparent that I did not have a claim for sexual discrimination, that my complaint related entirely to my constructive discharge on account of my refusal to continue to perform an illegal act."

The summary judgment record shows at best a quasi-admission but does not conclusively establish that Louviere was constructively discharged for a reason other than her refusal to perform an illegal act. *See DowElanco v. Benitez,* 4 S.W.3d 866, 871 (Tex.App.-Corpus Christi 1999, no pet.). A controverted quasi-admission does not conclusively establish a fact for summary judgment purposes. *Hennigan v. I.P. Petroleum Co., Inc.,* 858 S.W.2d 371, 372 (Tex.1993).

Although I believe the majority errs in treating the rejected first amended peti-

tion as a judicial admission, the trial court did not err in granting summary judgment on the ground that Louviere was not asked to perform an illegal act and no fact issue exists on whether Louviere was asked to perform an act that would subject her to criminal penalties.

Louviere argues that, by selling advertising based upon inflated circulation numbers, The Beaumont Enterprise violated the Texas Penal Code prohibition against intentionally or knowingly selling less than the represented quantity of a property or service. Tex. Pen.Code Ann. § 32.42(b)(2) (Vernon 2003). But Louviere was not selling newspapers; she was selling advertisements that would be published in newspapers. The rate card in the summary judgment record does not establish that the rate paid by advertisers fluctuated with the newspaper's circulation numbers. Louviere claimed the circulation numbers were misleading because not all of the copies of the newspapers printed were actually distributed to consumers. Even if true, overstating circulation numbers in order to sell advertisement space, in and of itself, does not violate Section 32.42(b)(2). The customer was getting the bargained-for advertising space. Louviere was not "shorting" or selling fewer advertisements than were represented. Thus, she did not refuse to violate Section 32.42(b)(2) of the Penal Code and the termination of her employment is not actionable under *Sabine Pilot. See Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). Because I would affirm the trial court's judgment for a reason other than that reached by the majority, I concur in the judgment but do not join the opinion of the Court.