

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00190-CV

CHALIESE RIPPEY AND ALL OTHER OCCUPANTS

APPELLANTS

V.

CHASE HOME FINANCE, LLC

APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two issues, Appellants Chaliese Rippey and all other occupants (collectively, Rippey) appeal the county court's forcible detainer judgment for Appellee Chase Home Finance, LLC.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Forcible Detainer

In her two issues, Rippey complains that the county court lacked jurisdiction to hear the forcible detainer case, erred by excluding evidence of a title dispute, lacked sufficient evidence to show that she received notice under property code section 24.005(f), and abused its discretion by overruling her objections to Chase's evidence on notice.

To prevail in a forcible detainer action, the plaintiff need not prove title but only sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Woods v. Pennymac Loan Servs., L.L.C.*, No. 02-12-00301-CV, 2013 WL 4506776, at *2 (Tex. App.—Fort Worth Aug. 22, 2013, no pet.) (mem. op.); *Lugo v. Ross*, 378 S.W.3d 620, 622 (Tex. App.—Dallas 2012, no pet.). To establish a forcible detainer claim, Chase had to show that (1) it was the property's owner, (2) Rippey became a tenant at sufferance when the property was purchased under the deed of trust, (3) Chase gave proper notice to Rippey to vacate the premises, and (4) Rippey refused to vacate the premises. *See Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *1 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (mem. op.) (citing Tex. Prop. Code Ann. § 24.002 (West 2000)); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.).

## A. The Record

The record reflects that Rippey purchased the property at issue, 2108 Burnside Drive, in 2007. Chase subsequently purchased the property at a 2010 foreclosure sale and then filed an original petition for forcible detainer when Rippey failed to vacate the premises.[2]

On November 22, 2010, Rippey filed a motion to dismiss for lack of jurisdiction in the justice court, complaining that she had filed a trespass to try title suit and application for temporary restraining order in state district court; she attached to her motion and "incorporated for all purposes" a copy of her November 19, 2010 verified original petition filed in the district court. In her verified original petition filed in the district court, Rippey stated that on September 28, 2010, she had learned that her house had been sold at a July 6, 2010 foreclosure sale and that "the first written notice that [her] house had been sold was not sent to [her] until October 8, 2010, when she received a notice to vacate the property." It does not appear that the justice court ever ruled on Rippey's motion; it granted Chase's petition, and when Rippey appealed to the county court, the motion was filed as part of the county court's record.

After Rippey appealed to the county court, Chase filed a verified motion to abate because it had removed Rippey's state district court lawsuit to federal

---

[2]Rippey was still living in the house at the time of the county court trial on February 28, 2013.

3

district court in cause number 4:10-cv-00937-Y. The county court granted the abatement.

In its February 4, 2013 motion to reopen the case and set it for trial, Chase informed the county court that the federal court had entered an order on December 7, 2011, granting an agreed motion to stay and administratively closing the case due to Rippey's bankruptcy; it attached a copy of this order to its motion. The December 7, 2011 order states that the right to reopen the case "shall continue until thirty (30) days after the related bankruptcy proceedings are concluded." Chase also attached the March 12, 2012 order of discharge from the bankruptcy proceeding to its motion. Chase asked the county court to reopen the forcible detainer proceeding because more than thirty days had elapsed since the conclusion of the bankruptcy proceeding and the right to reopen the federally removed wrongful foreclosure action had expired. The county court granted Chase's motion to reopen and set trial for February 28, 2013.

On the date of the trial, Rippey filed another motion to dismiss for lack of jurisdiction, again arguing that there was no jurisdiction because of the title dispute she had filed in state district court that was now in federal district court. Rippey stated in her motion, "*As provided in Plaintiff's Verified Original Petition and Application for Temporary Restraining Order*, Defendant in this action disputes that she defaulted and that there is no landlord-tenant relationship, and therefore, the justice court [sic] cannot determine the issue of immediate

4

possession without also necessarily determining the owner of the property." [Emphasis added.] Rippey attached a copy of Chase's notice of removal of her state district court suit to her motion, incorporated it "for all purposes," and sought dismissal or abatement "until the ownership/title dispute is adjudicated by another court having jurisdiction over the ownership/title dispute."[3] The county court denied Rippey's motion.

At trial, Chase offered plaintiff's exhibit 1 (the July 6, 2010 substitute trustee's deed) and plaintiff's exhibit 2 (the November 2007 deed of trust),[4] and the county court admitted these exhibits without objection from Rippey. Rippey objected when Chase offered plaintiff's exhibit 3 (the October 8, 2010 notice-to-vacate letters and proof of mailing)[5] and Sharon Vaughn's testimony to support

---

[3]Rippey's first amended petition in the federal court, available on the federal case management system PACER, contains the same language as her state district court petition with regard to learning on September 28, 2010, that her house had been sold at a foreclosure sale on July 6, 2010, and that "the first written notice that [her] house had been sold was not sent to [her] until October 8, 2010, when she received a notice to vacate the property."

[4]Section 18, paragraph 4 of the deed of trust states,

> If the Property is sold pursuant to this paragraph 18 [pertaining to foreclosure procedure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. *If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.* [Emphasis added.]

[5]Exhibit 3 contains notice-to-vacate letters dated October 8, 2010, and addressed to Rippey at 2108 Burnside Drive. They notify Rippey that her home

5

the exhibit as a business record. The county court overruled Rippey's objections to Vaughn's testimony and to exhibit 3 and admitted the exhibit.

After Chase objected to Rippey's testimony about the title dispute, her attorney made an offer of proof in which he stated that Chase had told Rippey that it would not foreclose while she was undergoing loan modification and then failed to give her notice of intent to accelerate and notice of the foreclosure. Rippey did not testify that she did not receive the October 8, 2010 notice to vacate, and her attorney did not include that in his offer of proof. The county court ruled that Chase had the appearance of title and granted possession of the property to Chase.

## B. Jurisdiction

In her second issue, Rippey argues that the county court lacked jurisdiction due to the title dispute and that it erroneously denied admission of evidence of the title dispute. In her brief, she further states, "The lawsuit regarding title and possession is pending in the United States District Court for the Northern District of Texas, Fort Worth Division."

At the February 28, 2013 forcible detainer trial, Rippey's counsel informed the county court that he had not learned that the bankruptcy case had closed "several months ago" until Chase's counsel indicated that Chase wanted to move

---

was sold on July 6, 2010, and that if she failed to vacate the premises within three days of delivery of the notice, a forcible detainer action would be filed against her.

6

for eviction. Rippey indicated that she planned to file a motion to reopen the federal court case. The trial court denied Rippey's motion for continuance.

We have verified through PACER that federal court cause number 4:10-cv-00937-Y was administratively closed on December 7, 2011, and that no further action has been taken in the case. Based on the December 7, 2011 order, upon her discharge from bankruptcy on March 12, 2012, Rippey had the right to reopen the case "until thirty (30) days after the related bankruptcy proceedings are concluded," which ended April 11, 2012. Because Rippey did not do so, no other lawsuit regarding the property—i.e., the "title" case—was pending in either federal or state court at the time of the forcible detainer trial in the county court.[6]

Further, there is a distinction between cases in which the issue of immediate possession depends solely upon title, which would deprive the justice court and county court of jurisdiction in a forcible detainer action, and cases in which the issue of immediate possession can be determined based on the existence of a post foreclosure landlord-tenant relationship, which provides an independent basis to determine the issue of immediate possession without

---

[6]Even if Rippey's federal case had remained pending, a forcible detainer action may be prosecuted concurrently with a dispute over the property in another court because a judgment of possession in a forcible detainer action is a determination only of the right to *immediate* possession and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question. *Hong Kong Dev. Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g) (stating that a forcible detainer suit may run concurrently with an action in another court even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit).

7

resolving the issue of title. *Rice v. Pinney,* 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.). The trial court admitted the July 6, 2010 substitute trustee's deed and the November 2007 deed of trust, which provided that if the property was sold in foreclosure and the borrower failed to immediately surrender possession, he or she would become a tenant at sufferance who could be removed by writ of possession. Therefore, the county court had a basis upon which to find that Chase had a superior right to possession of the property without being deprived of jurisdiction by the title issue or any wrongful foreclosure issue in the federal case, even if it had still been pending, and did not abuse its discretion by excluding evidence of the title dispute. *See Villalon v. Bank One*, 176 S.W.3d 66, 70–71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (stating that wrongful foreclosure issue was independent of county court's immediate possession determination based on landlord-tenant relationship established in deed of trust); *see also Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893–94 (Tex. App.—Dallas 2011, pet. denied) (holding that county court had jurisdiction to issue the writ of possession when deed of trust contained provision creating a landlord-tenant relationship, providing an independent basis for court to determine immediate possession issue without resolving title issue); *Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.) ("A forcible detainer action is dependent on proof of a landlord-tenant relationship."). We overrule Rippey's second issue.

8

## C. Evidence

In her first issue, Rippey complains that the trial court abused its discretion by admitting plaintiff's exhibit 3 (the October 8, 2010 notice-to-vacate letters and proof of mailing) and Vaughn's supporting testimony over her objections and that the evidence is therefore insufficient to show that Chase gave her proper notice to vacate. However, in Rippey's verified original petition filed in the state district court action, which she incorporated by reference in a pleading to the justice court in this case, and in her pleadings in the federal court, Rippey stated that she had received written notice to vacate the property on October 8, 2010.

"Admissions in trial pleadings are judicial admissions in the case in which the pleadings are filed; the facts judicially admitted require no proof and preclude the introduction of evidence to the contrary." *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.); *see also Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). A judicial admission is conclusive upon the party making it, relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it. *A.E.A.*, 406 S.W.3d at 410 (citing *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 372 (Tex. 1993)). Further, "[p]leadings in another case that are inconsistent with a party's position in a present case, unlike judicial admissions, are not always conclusive on the admitter, but may be considered evidence which the admitter may explain, contradict, or deny." *Louviere v. Hearst Corp.*, 269 S.W.3d 750, 754–56 (Tex. App.—Beaumont 2008, no pet.); *see also Velco Chems., Inc. v. Polimeri Europa*

9

*Am., Inc.*, No. 14-03-00395-CV, 2004 WL 1965643, at \*4–5 (Tex. App.—Houston [14th Dist.] Sept. 7, 2004, no pet.) (mem. op.) (holding that appellant waived objection to state court personal jurisdiction when it answered and counterclaimed in federal court without objecting to jurisdiction and that giving conclusive effect to the admission was "consistent with the policy that a party should not be allowed to prevail on its assertions after clearly negating those assertions before a judicial tribunal").

Because Rippey's judicial admissions are sufficient to show that she received written notice to vacate the premises, we do not reach whether the county court abused its discretion by admitting Chase's exhibit 3 and Vaughn's supporting testimony. *See A.E.A.*, 406 S.W.3d at 410; *Brittingham*, 2013 WL 4506787, at \*1; *see also* Tex. R. App. P. 47.1. We overrule Rippey's first issue.

### III. Conclusion

Having overruled both of Rippey's issues, we affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: March 13, 2014

10