

# NUMBER 13-22-00087-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PHIL BELLAMY,                                                          Appellant,

v.

CITY OF BROWNSVILLE AND
CITY MANAGER, NOEL BERNAL,                                            Appellees.

## On appeal from the 107th District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Memorandum Opinion by Justice Benavides

This is an interlocutory appeal from the denial of a temporary injunction. Appellees

City of Brownsville and City Manager Noel Bernal (collectively, the "City") notified

appellant Phil Bellamy that he would not be reappointed as a municipal judge, and

Bellamy filed suit against the City seeking a declaration that he was reappointed to another term of office as a matter of law because the City's notice was untimely. *See* TEX. GOV'T CODE ANN. § 29.005 ("A municipal court judge who is not reappointed by the 91st day following the expiration of a term of office shall, absent action by the appointing authority, continue to serve for another term of office beginning on the date the previous term of office expired."). The parties dispute when Bellamy's previous term expired, thus triggering the City's ninety-day window to act. *See id.*

The trial court granted Bellamy an ex parte temporary restraining order prohibiting his removal from office, but after conducting a hearing and receiving evidence, the court denied Bellamy's request to extend the injunction through trial. In what we construe as a single issue, Bellamy argues that the trial court abused its discretion because he demonstrated his entitlement to a temporary injunction. The City responds that Bellamy failed to show a probable right to relief and that he would suffer irreparable harm without an injunction. We affirm.

## I.  BACKGROUND

The historical facts in this case are undisputed. On October 31, 2005, the City appointed Bellamy to serve his first term as a municipal judge. His term of office was for two years and became effective November 2, 2005. From 2007 until 2017, the City reappointed Bellamy to six successive two-year terms, always with an effective date of November 2.

After his 2017–2019 term expired on November 2, 2019, the City notified Bellamy in writing, on December 2, 2019, that he was being reappointed to another "two[-]year

term, effective December 2, 2019." Bellamy accepted the appointment and took his oath of office on December 9, 2019.

On November 2, 2021, Bellamy sent the City the following written correspondence: "My term of office as an associate municipal judge expires on or about December 2, 2021. I request that you renew my appointment. Please contact me if you would like to discuss anything. Thank you." On February 17, 2022, the City informed Bellamy that he would not be reappointed for another term.

Bellamy filed suit the next day, seeking a temporary restraining order, temporary injunction, and ultimately a declaration that he was reappointed to another term of office as a matter of law. During the temporary injunction hearing, Bellamy testified that both parties were mistaken about when his previous term commenced. According to Bellamy, as a matter of law, his last term of office began on the date his previous term expired. Thus, his term of office was from November 2, 2019, until November 2, 2021, and the City's notice was untimely.

The City countered that, irrespective of his previous terms of office, Bellamy's last term commenced on the date the City reappointed him. Consequently, his term of office was from December 2, 2019, until December 2, 2021, and the City's notice was timely.

The trial court denied Bellamy's request for a temporary injunction, and this interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 54.014(a)(4).

## II.    TEMPORARY INJUNCTIONS

The purpose of a temporary injunction "is to preserve the status quo of the litigation's subject matter" during the pendency of the case. *Butnaru v. Ford Motor Co.*,

84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993)). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Id.* (citing *Walling*, 863 S.W.2d at 57). To establish entitlement to a temporary injunction, the plaintiff must "plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* (first citing *Walling*, 863 S.W.2d at 57; and then citing *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)); *see State v. Hollins*, 620 S.W.3d 400, 405 (Tex. 2020).

To establish a probable right to relief, the plaintiff is not required to prove that he will prevail at trial; instead, he is only required to allege a cause of action and present evidence tending to sustain the claim. *Savering v. City of Mansfield*, 505 S.W.3d 33, 39 (Tex. App.—Fort Worth 2016, pet. denied) (first citing *Oil Field Haulers Ass'n v. R.R. Comm'n*, 381 S.W.2d 183, 196 (Tex. 1964), and then citing *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 220 (Tex. App.—Fort Worth 2009, pet. denied)). "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204 (citing *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ)); *see Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020). "[T]he requirement of demonstrating an [irreparable] injury is not to be taken lightly." *Walling*, 863 S.W.2d at 57.

We review a trial court's denial of a temporary injunction for an abuse of discretion. *Butnaru*, 84 S.W.3d at 204 (citing *Walling*, 863 S.W.2d at 58). A trial court abuses its

4

discretion if it acts "unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Id.* at 211 (citing *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)). In conducting our review, we generally defer to the trial court's judgment and view the evidence in the light most favorable to the trial court's decision. *Allied Cap. Corp. v. Cravens*, 67 S.W.3d 486, 489 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (first citing *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978); and then citing *Rugen v. Interactive Bus. Sys., Inc.*, 864 S.W.2d 548, 551 (Tex. App.—Dallas 1993, no writ)). "The trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision." *Butnaru*, 84 S.W.3d at 211 (citing *Davis*, 571 S.W.2d at 862). However, questions of law are not discretionary, and a trial court that misinterprets the law or misapplies the law to established facts abuses its discretion. *Hollins*, 620 S.W.3d at 405 (first citing *In re Francis*, 186 S.W.3d 534, 538 (Tex. 2006) (orig. proceeding); and then citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

### III.    ANALYSIS

The parties agree that Bellamy's declaratory judgment claim hinges on whether his last term of office commenced on November 2, 2019, or December 2, 2019. The parties also agree that Bellamy's claim presents a pure question of law about the City's legal authority to determine Bellamy's appointment date. Bellamy argues that the City acted without legal authority when it "attempted to unilaterally change [his] term of office" by extending his start date until December 2, 2019, instead of November 2, 2019. According to Bellamy, under § 29.005 of the Texas Government Code, his last term of office was necessarily fixed by his original appointment date of November 2, 2005. *See*

5

TEX. GOV'T CODE ANN. § 29.005 (explaining that "[a] municipal court judge who is not reappointed by the 91st day following the expiration of a term of office shall, absent action by the appointing authority, continue to serve for another term of office beginning on the date the previous term of office expired"). The City responds that there is no statute or ordinance that establishes a specific start date for its municipal judges; therefore, under controlling caselaw, Bellamy's last term of office began on the date he was appointed, which was December 2, 2019.[1]

By presenting Bellamy's probable right to relief as a question of law, the parties have effectively asked this Court to decide the merits of the underlying claim. With an interlocutory order, however, "the merits of the underlying case are not presented for appellate review." *Davis*, 571 S.W.2d at 861 (agreeing that the court of appeals "far exceeded the proper scope of appellate review of a temporary injunction and improperly granted premature review of the entire case on its merits"). Instead, "[a]ppellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order." *Id.* at 861–62 (collecting cases). Because we can affirm the trial court's order on the irreparable harm element, we will assume, without deciding, that Bellamy has demonstrated a probable right to relief. *See Amend v. Watson*, 333 S.W.3d 625, 630 (Tex. App.—Dallas 2009, no pet.) (declining to address legal questions

---

[1] The trial court also believes that this case can be decided as a matter of law. In announcing its decision denying the temporary injunction, the trial court commented that, instead of conducting a trial, this is "more of a summary judgment case."

concerning the merits of the underlying claim because the order denying the temporary injunction could be affirmed on other grounds).

## A.  Bellamy failed to plead an irreparable injury

The right to a temporary injunction begins with the sufficiency of the applicant's pleadings. *Butnaru*, 84 S.W.3d at 204 (requiring the applicant to both "plead and prove" the elements of a temporary injunction). In his pleadings, Bellamy alleges that removing him from his position as a municipal judge constitutes an irreparable injury because "the citizens of Brownsville will be denied [his] services." Similarly, he alleges there is no adequate remedy at law because he "will not be able to complete his obligations to the [C]ity and its citizens." Bellamy makes no other allegations about irreparable injury in his pleadings or supporting affidavit.

Generally, a plaintiff does not have standing to seek redress for injuries to a third party or the public at large. *Heckman v. Williamson County*, 369 S.W.3d 137, 155 (Tex. 2012) ("Under Texas law, as under federal law, the standing inquiry begins with the plaintiff's alleged injury. The plaintiff must be *personally* injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury." (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007) (per curiam))). Thus, Bellamy's allegations about harm to the City and its citizens could not support a finding that *he* would suffer an irreparable injury without a temporary injunction. *See id.*; *Butnaru*, 84 S.W.3d at 204. Simply put, Bellamy failed to "plead" an irreparable injury. *See Butnaru*, 84 S.W.3d at 204.

7

**B.    Bellamy also failed to show an irreparable injury**

Even if we look beyond his pleadings, Bellamy failed to present evidence of irreparable harm at the temporary injunction hearing. Bellamy was the only witness to testify, and most of his testimony concerned his cause of action and probable right to relief. As to his injuries, Bellamy provided the following testimony:

[Attorney]:    [O]nce you've been relieved of your position of associate judge, can you get your tenure back as a 17-year associate judge for the City of Brownsville?

[Bellamy]:    No.

[Attorney]:    Are you vested in the retirement system with the City of Brownsville?

[Bellamy]:    Yes. Well, it's with Texas Municipal Retirement System. It also allows me—by my service as a [C]ity judge, it also allows me to contribute to what I think is called a 457B, which is sort of a—sort of a [City] version of a 401k.[2]

During closing, the City argued, as it does on appeal, that Bellamy failed to present legally sufficient evidence of irreparable harm:

What irreparable injury is there? [Bellamy] has sued the City even for exemplary damages so therefore he wants . . . his damage[s] to be quantified, Judge. If he was wrongfully not given the position, that's a quantifiable loss. I'm talking about what his salary would have been, what his benefits would have been, you know, his seniority could be established, Judge, but that is something for a jury or a judge in the future to determine, not now. And the evidence [introduced] is totally insufficient . . . for him to get this equitable relief . . . .

We agree with the City. Bellamy's claim is akin to a wrongful discharge claim, and

---

[2] Bellamy further testified that he is one of five municipal judges, and without him, the City would lose "20 percent of [its] ability to magistrate cases and to conduct traffic court and to try cases." As previously discussed, however, injuries suffered by the City are not actionable by Bellamy. *See Heckman v. Williamson County*, 369 S.W.3d 137, 155 (Tex. 2012).

lost wages and benefits can be readily measured and adequately compensated with monetary damages. *See Greater Fort Worth & Tarrant Cnty. Cmty. Action Agency v. Mims*, 627 S.W.2d 149, 151 (Tex. 1982) (explaining "the correct measure of damages for wrongful discharge"); *Hertz Equip. Rental Corp. v. Barousse*, 365 S.W.3d 46, 57–58 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (finding evidence legally and factually sufficient to support damage award for lost wages and benefits). Therefore, if Bellamy succeeds on his claim, "a judgment after trial awarding damages and possibly ordering reinstatement would be an adequate remedy at law." *See Ford v. Landmark Graphics Corp.*, 875 S.W.2d 33, 35 (Tex. App.—Texarkana 1994, no writ) (citing *Sampson v. Murray*, 415 U.S. 61, 90–91 (1974)) (holding that terminated employee failed to show irreparable harm); *Fuentes Y. v. Fuentes*, No. 08-20-00093-CV, 2022 WL 17082352, at *8 (Tex. App.—El Paso Nov. 18, 2022, no pet.) (concluding that lost wages are not an irreparable injury).

Bellamy also states in his brief that, without a temporary injunction, he will lose his "status" as a municipal judge. Bellamy has not explained why an interim loss of "status" constitutes an irreparable injury, and he has not cited authority supporting his proposition. *See* TEX. R. APP. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). In any event, our review of the caselaw suggests that any such injury would be subsumed under an award of damages for mental anguish. *See Tex. Animal Health Comm'n v. Garza*, 365 S.W.3d 54, 63 (Tex. App.—San Antonio 2000, pet. denied) (finding evidence sufficient to support damage award for mental anguish on retaliatory discharge

9

claim); *Burlington Coat Factory Warehouse of El Paso, Inc. v. Flores*, 951 S.W.2d 542, 548 (Tex. App.—El Paso 1997, no writ) (same).

We conclude that Bellamy failed to carry his burden to show an irreparable injury. Accordingly, the trial court did not abuse its discretion in denying Bellamy's application for a temporary injunction, and Bellamy's issue is overruled. *See Butnaru*, 84 S.W.3d at 204.

## IV.   CONCLUSION

The trial court's order is affirmed.

GINA M. BENAVIDES
Justice

Delivered and filed on the
26th day of January, 2023.

10