**Lynda Gail AUSTIN, Petitioner,**

. v.

**HEALTHTRUST, INC.—THE HOSPITAL COMPANY, Wharton Hospital Corporation d/b/a Gulf Coast Medical Center, and Patrick Lilley, Respondents.**

No. 97–0825.

Supreme Court of Texas.

Argued. Feb. 3, 1998.

Decided April 14, 1998.

Gregg M. Rosenberg, Ian Scharfman, Houston, for Petitioner.

David N. Goldman, Chad A. Shultz, M. Elizabeth Ortega, Atlanta, Layne A. Thompson, Houston, for Respondents.

OWEN, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, HECHT, ENOCH, BAKER, ABBOTT, and HANKINSON, Justices, join.

We have been requested in this case to create a judicial exception to the employment-at-will doctrine by recognizing a cause of action for private whistleblowers. Because the Legislature has been so proactive in promulgating statutes that prohibit retaliation against whistleblowers in many areas of the private sector, we decline to recognize a common-law cause of action. Accordingly, we affirm the judgment of the court of appeals.

I

This case was decided by summary judgment. The parties included in the trial court record only the facts necessary to resolve the legal issue of whether a private whistleblower cause of action exists under the common law. Therefore, our account of the facts is brief, and we set forth only the factual allegations asserted by Austin, against whom summary judgment was rendered.

Lynda Gail Austin worked as an emergency room nurse at Gulf Coast Medical Hospital for approximately fifteen years. In July 1992, she noticed that another emergency room nurse, Clay Adam, appeared to be under the influence of drugs. Austin learned shortly thereafter that Adam had been distributing prescription medication to patients without authorization from a physician. Austin relayed this information to her supervisor, Patrick Lilley. She also submitted a written report to Lilley detailing Adam's conduct and actions. Lilley instructed Austin to keep the information to herself, and she complied.

Austin alleges that Lilley subjected her to extreme scrutiny after she reported Adam's conduct. Then, on December 1, 1992, Lilley fired Austin and asked her to leave the premises. Upon learning that Lilley was a family friend of Adam, Austin brought this suit against HealthTrust Inc.—The Hospital Company, the Gulf Coast Medical Foundation d/b/a Gulf Coast Medical Center, and Lilley (hereinafter HealthTrust). Austin al-

leges that she was discharged in retaliation for reporting Adam's unlawful, dangerous, and unethical activities.

HealthTrust moved for summary judgment, asserting that Austin failed to state a cognizable claim under Texas law. The trial court granted the motion. The court of appeals affirmed, holding that Texas does not recognize a common-law cause of action for retaliatory discharge of a private employee who reports the illegal activities of others in the workplace. 951 S.W.2d 78. We affirm.

## II

■ This is not the first time that the Court has been urged to recognize a private whistleblower cause of action. In *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 723 (Tex.1990), Richard Winters, who worked as an at-will employee for the Chronicle, was discharged after reporting suspected illegal activities of his fellow employees to his superiors. We declined to further modify the employment-at-will doctrine by permitting a suit for retaliation. In so doing, we observed that the Legislature had already enacted numerous measures to protect employees who report illegal activity in the workplace. *Id.* at 724.

Since *Winters,* several courts of appeals have contemplated whether to recognize a private whistleblower cause of action. In *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 356–57 (Tex.App.—San Antonio 1995, writ denied), a private nonprofit corporation allegedly fired an employee for reporting coworkers who were misusing public money. Concluding that the issue was better left to the Legislature or this Court, the court of appeals refused to recognize a cause of action. *Id.* at 359. Similarly, in *Burgess v. El Paso Cancer Treatment Center*, 881 S.W.2d 552, 554, 556 (Tex.App.—El Paso 1994, writ denied), the court of appeals held that there was no cause of action for an employee who was discharged after reporting an alleged conspiracy among fellow employees to replace new parts from radiation machines with defective used parts. *See also Ford v. Landmark Graphics Corp.*, 875 S.W.2d 33, 34 (Tex.App.—Texarkana 1994, no

writ) (refusing to recognize a private whistleblower cause of action).

Austin urges us to embrace a cause of action that is more narrowly tailored than those that were under consideration in *Winters* and *Thompson.* Taking a page from the concurring opinion in *Winters,* Austin advocates a private whistleblower cause of action in cases in which the conduct or activity that was reported would have "a probable adverse effect upon the public." *Winters,* 795 S.W.2d at 725 (Doggett, J., concurring). Our review of legislative action in the employment-at-will area leads us to conclude that it would be unwise for this Court to expand the common law because to do so would essentially eclipse more narrowly-crafted statutory whistleblower causes of action. Prior to *Winters,* and in the eight years that have followed, the Legislature has enacted a variety of private remedies and has declined to create a cause of action that would have general applicability.

As recently as the 1995 legislative session, an amendment to the Labor Code was proposed that would have created a "Whistleblower Act" for all private employees. Tex. H.B. 622, 74th Leg., R.S. (1995). The proposed bill, like the cause of action Austin proposes here, would have prohibited an employer from terminating an employee "who in good faith reports activities within the workplace that constitute a violation of law or would otherwise have a *probable adverse effect on the public.*" *Id.* (emphasis added). This version of the bill was rejected in legislative committee. An amended bill was then proposed that deleted protection for reports of activities that would have a "probable adverse effect on the public" in favor of the requirement that the reported activity "constitute a violation of law." *Compare id. with* Tex.C.S.H.B. 622, 74th Leg., R.S. (1995). However, the Legislature did not pass the modified bill.

Rather than create a one-size-fits-all whistleblower statute, the Texas Legislature has instead opted to enact statutes that protect specific classes of employees from various types of retaliation. For example, section 554.002 of the Government Code protects public employees from retaliation for reporting, in good faith, the employing governmen-

tal entity's or fellow employees' violations of law to an appropriate law enforcement agency. TEX. GOV'T CODE § 554.002. Similarly, a physician cannot be retaliated against for reporting to the State Board of Medical Examiners the acts of another physician that pose a continuing threat to the public welfare. TEX.REV.CIV. STAT. ANN. art. 4495b, § 5.06(d), (q) (Vernon Supp.1998). The Legislature has also enacted a statute that prohibits retaliation against nursing home employees who report abuse or neglect of a nursing home resident. TEX. HEALTH & SAFETY CODE § 242.133. Additionally, employers who use hazardous chemicals may not retaliate against employees for reporting a violation of the Hazard Communication Act. *Id.* § 502.017; *see also* TEX. AGRIC. CODE § 125.013(b) (prohibiting retaliation against agricultural laborer for reporting a violation of the Agricultural Hazard Communication Act). Nor can employers retaliate against employees for opposing or reporting discriminatory practices in the workplace. TEX. LAB. CODE § 21.055; *see also* TEX. LAB.CODE § 411.082 (prohibiting employer from retaliating against employee for using the Workers' Compensation Commission's toll-free telephone service to report, in good faith, an alleged violation of an occupational health or safety law); TEX. LOC. GOV'T CODE § 160.006 (preventing county employee from being subject to retaliation for exercising a right or participating in a grievance procedure established under Chapter 160 of the Local Government Code).

Moreover, the Legislature has enacted specific statutes to address the retaliation that Austin alleges she suffered in the present case. Registered nurses, such as Austin, are required by law to report another registered nurse who "has exposed or is likely to expose a patient or other person unnecessarily to a risk of harm" or who "is likely to be impaired by chemical dependency." TEX. REV.CIV. STAT. ANN. art. 4525a, § 1 (Vernon Supp.1998). The report must be in writing and submitted to the Board of Nurse Examiners. *Id.; see also Clark v. Texas Home Health, Inc.,* —— S.W.2d ——, ——, 1998 WL 289399 (Tex.1998), which we decide today. Any nurse who files a report pursuant to the statute is protected from retaliation:

A person has a cause of action against an individual, organization, agency, facility, or other person that suspends or terminates the employment of the person or otherwise disciplines or discriminates against the person reporting under this article.

TEX.REV.CIV. STAT. ANN. art. 4525a, § 11(a) (Vernon Supp.1998).

Although article 4525a was in effect when Austin reported Adam's conduct to Lilley, Austin has not alleged that she filed a report with the Board of Nurse Examiners or that she was fired for doing so. She has not pursued any cause of action under the statute.

Beyond the protections provided by article 4525a, the Legislature has recently enacted another specific whistleblower statute for *any hospital employee* who reports illegal activity. *See* TEX. HEALTH & SAFETY CODE § 161.134. Section 161.134 of the Health and Safety Code provides a specific cause of action against a hospital-employer who has retaliated against an employee for reporting a violation of the law to a supervisor. While this statute was not in effect at the time Austin was discharged and she cannot avail herself of its provisions, it nevertheless is another factor this Court must consider in determining whether to create a broader common-law cause of action.

Aside from the aforementioned whistleblower statutes, the Legislature has created numerous other restrictions on and exceptions to the employment-at-will doctrine. *See, e.g.,* TEX. LAB.CODE § 451.001 (prohibiting retaliation for filing a workers' compensation claim in good faith); TEX. LAB.CODE § 101.052 (prohibiting denial of employment based on union membership or nonmembership); TEX. GOV'T CODE § 431.006 (prohibiting discharge because of active duty in the state military forces); TEX. CIV. PRAC. & REM.CODE § 122.001 (prohibiting discharge because of jury service); TEX. LAB.CODE § 21.051 (prohibiting discrimination based on race, color, disability, religion, national origin, age, or sex); TEX. FAM.CODE § 158.209 (prohibiting discrimination based on withholding order for child support); TEX. HEALTH & SAFETY CODE § 592.015 (mandating that mentally re-

tarded individuals receive equal employment opportunities); Tex. Elec.Code § 276.004 (subjecting employer to criminal liability for prohibiting employee from voting); Tex. Elec.Code § 276.001 (creating felony offense for employer who retaliates against employee for voting a certain way); Tex. Elec.Code § 161.007 (creating criminal liability for employer who prohibits or retaliates against employee for attending a political convention as a delegate); Tex. Lab.Code § 52.041 (subjecting employer to fine for coercing employee to purchase certain merchandise); Tex. Health & Safety Code § 81.102 (limiting an employer's ability to require employee to undergo test for AIDS virus); Tex.Rev.Civ. Stat. Ann. art. 4512.7, § 3 (Vernon Supp. 1998) (prohibiting discrimination against health care employee for refusing to perform or participate in an abortion).

In enacting statutes that prohibit certain conduct in the employment area, the Legislature has carefully balanced competing interests and policies. This has resulted in statutes not only with diverse protections, but also with widely divergent remedies and varying procedural requirements. For example, some whistleblower statutes allow recovery of exemplary damages while other statutes limit recovery to lost wages. *Compare* Tex.Rev.Civ. Stat. Ann. art. 4525a, § 11 (Vernon Supp.1998) *and* Tex. Health & Safety Code § 161.134(d) *with* Tex. Lab.Code § 411.083. The period of limitations varies from statute to statute. *Compare* Tex. Gov't Code § 554.005 (90–day statute of limitation) *and* Tex. Health & Safety Code § 242.133(d) (90–day statute of limitation) *with* Tex. Lab. Code § 21.202 (180–day statute of limitation). And some statutory schemes require exhaustion of administrative remedies before filing suit, Tex. Gov't Code § 554.006; Tex. Lab. Code § 21.201, while others allow the employee to proceed directly to court, Tex.Rev. Civ. Stat. Ann. art. 4495b, § 5.06(q) (Vernon Supp.1998).

Unlike the Legislature, we cannot craft statutes of limitation that vary depending upon the area of employment. Nor can the Court establish an administrative scheme. Were we to create a broad-based whistleblower cause of action, it would in large part eviscerate the specific measures the Legislature has already adopted.

■ We do not doubt that significant public policy interests are advanced when employers are prohibited from discriminating against employees who report violations of the law. However, the Legislature has enacted specific statutes to redress wrongful termination. While we are not bound by the Legislature's policy decisions when we consider whether to create a common-law whistleblower action, "the boundaries the Legislature has drawn do inform our decision." *Ford Motor Co. v. Miles,* 967 S.W.2d 377, 383 (Tex.1998). Accordingly, rather than recognize a common-law cause of action that would effectively emasculate a number of statutory schemes, we leave to the Legislature the task of crafting remedies for retaliation by employers.

\* \* \* \* \*

For the foregoing reasons, we affirm the judgment of the court of appeals.

GONZALEZ, J., issued a concurring opinion, in which SPECTOR, J., joins.

GONZALEZ, Justice, concurring.

I concur in the judgment. However, I cannot join the Court's opinion because its tenor may signal a retreat from the well established policy that recognizes that the employment-at-will doctrine is a judicially created one that this Court is free to amend. *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985). While the Court is correct that in *Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723, 724–25 (Tex. 1990), we declined to further modify the employment-at-will doctrine by permitting a suit for retaliation for employees who report illegal activities, today's opinion omits the fact that we only declined to do so "at this time on these facts." *Id.* at 725. I write separately to reiterate that when dealing with employment at will, it is still within our realm to "craft a narrow exception that protects the interests of responsible, law-abiding employers while holding accountable those whose activities threaten the public interest." *Id.* at 726 (Doggett, J., concurring).

I agree that the facts of Lynda Gail Austin's discharge, like in *Winters,* do not provide the appropriate situation for us to broaden the exceptions to at-will employment. Since Austin's firing, the Legislature has enacted a whistleblower statute that provides a remedy to any hospital employee who has been discharged for reporting illegal activity to his or her employer. TEX. HEALTH & SAFETY CODE ANN. § 161.134 (Vernon Supp. 1998). Even though Austin was unable to benefit from this enactment, she was not without a remedy. In fact, as the Court points out, under a statute that went into effect in 1987, Austin, as a registered nurse, was required by law to report another registered nurse that she suspected had exposed or was "likely to expose a patient or other person unnecessarily to a risk of harm," or who "is or is likely to be impaired by chemical dependency...." TEX.REV.CIV. STAT. art. 4525a, § 1(a) (Vernon Supp.1998). While the record does not reflect whether Austin reported her suspicions to the Board of Nurse Examiners as required, there is no doubt she would have then had a civil cause of action if she was suspended, terminated, or otherwise disciplined or discriminated against. *Id.* § 11(a).[1] Accordingly, this is not a compelling scenario of injustice that requires us to modify the long-standing employment-at-will doctrine.

However, such a compelling situation may present itself in the future, and when it does, it will be incumbent on this Court to once again, as we did in *Sabine Pilot,* carry its "burden and the duty of amending [the doctrine] to reflect social and economic changes." *Sabine Pilot,* 687 S.W.2d at 735 (Kilgarlin, J., concurring).

---

**1.** At oral argument, a point of contention was whether the anti-retaliatory provision of the Professional Nurse Reporting statute was in effect when Austin filed her suit. It was, as § 11 was enacted in 1987. Act of June 18, 1987, 70th Leg., R.S., ch. 570, § 2, 1987 Tex. Gen. Laws 2265, 2268. The only amendment of any kind to § 11 was a 1993 change in which "1A" was added to a list of sections referenced in § 11(c). Act of June 19, 1993, 73rd Leg., R.S., ch. 840, § 2, 1993 Tex. Gen. Laws 3305.