**David L. SALAY, Appellant,**

v.

**BAYLOR UNIVERSITY, Appellee.**

**No. 10–02–081–CV.**

Court of Appeals of Texas,
Waco.

July 23, 2003.

---

**10.** Because the first issue is dispositive, we need not address the remainder of the City's issues. TEX.R.APP. P. 47.1.

Lanelle L. McNamara, McNamara & McNamara, Waco, for Appellant.

Roy L. Barrett, Stuart Smith, Naman, Howell, Smith & Lee, P.C., Waco, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

David Salay was employed by Baylor University from June 1996 until July 31, 1997, when his contract expired. He held two positions: he was a non-tenured associate professor in museum studies and the director of operations of the Baylor museum complex. His contract was not renewed.

Salay sued Baylor under the Commission on Human Rights Act (CHRA), alleging that his contract was not renewed because Baylor retaliated against him for his support of another individual, who had employment problems with Baylor. TEX. LAB. CODE ANN. § 21.055 (Vernon 1996). Section 21.055 provides:

> An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:
>
> (1) opposes a discriminatory practice;
>
> (2) makes or files a charge;
>
> (3) files a complaint; or
>
> (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

TEX. LAB.CODE ANN. § 21.055.

After a ten-day trial, the court submitted a question to the jury taken from the Pattern Jury Charge inquiring "Was David Salay's opposition, if any, to gender discrimination, if any, against Cheryl Gonce–Warner a motivating factor in Baylor's decision to discharge David Salay?" Texas PJC—Business, Consumer, Insurance & Employment (2000), PJC 107.9. The charge also instructed: "Motivating

factor in an employment decision is a reason for making a decision at the time it was made. There may be more than one motivating factor for an employment decision." *Id.* 107.6. This question inquired about the first of four protected activities under section 21.055. TEX. LAB.CODE ANN. § 21.055(1). The jury answered "no."

■■■■ On appeal Salay asserts in three issues that the court should have submitted questions that inquired about the three remaining protected activities under section 21.055. *Id.* § 21.055(2), (3), (4). Baylor's response is that there was no evidence to support an inquiry under any of those three. Salay focuses on the fourth type of protected activity—*participation* in an investigation, proceeding, or hearing—pointing out that the United States Court of Appeals for the Third Circuit has recognized a "perception theory" of illegal retaliation. *Fogleman v. Mercy Hosp., Inc.,* 283 F.3d 561 (3rd Cir.), *cert. denied,* 537 U.S. 824, 123 S.Ct. 112, 154 L.Ed.2d 35 (2002). He urges us to adopt that opinion's reasoning in our interpretation of the Texas statute. Although we may look to analogous federal precedent for guidance when interpreting the Texas act, we decline the invitation to follow *Fogleman.* As far as we can determine, no Texas court has cited it.

The CHRA proscribes retaliation by an employer against an employee who "testifies, assists, or participates in any manner in the investigation, proceeding or hearing" under that act. TEX. LAB CODE ANN. § 21.055(4). Applying *Fogleman,* as Salay would have us do, would effectively discount the plain words of the statute requiring active participation, interpreting it instead to prohibit retaliation when the employer *perceives* that an employee has participated in an investigation, proceeding or hearing under the CHRA. *Id.; St. Luke's Episcopal Hosp. v. Agbor,* 952

S.W.2d 503, 505 (Tex.1997) ("The Legislature's intent is determined from the plain and common meaning of the words used."). *Fogleman* focuses on the "subjective intent" of the employer. *Fogleman,* 283 F.3d at 571. However, if the employee has not actually engaged in activity declared to be protected by the legislature, the application of a "perception theory" would, in our view, encroach on the at-will employment doctrine without express legislative action. *See City of Midland v. O'Bryant,* 18 S.W.3d 209, 216 (Tex.2000) (discussing legislative enactments affecting the employment relationship); *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998) (general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all).

Because we reject Salay's invitation to rewrite the statute and because there was no evidence that he had actually testified, assisted, or participated in a proceeding under the CHRA, we conclude that the court correctly limited the inquiry in the charge to the first category of protected activity under section 21.055. We overrule issues one, two, and three.

■■ In a fourth issue, Salay complains that the final judgment recites that the court "made such additional findings as are authorized by law" and, because this was a jury trial, had no authority to do so. The record does not reveal any findings made by the trial court, and Salay points to none. There is no claim of an "omitted" element or a request that the trial court make findings under Rule 279. TEX.R. CIV. P. 279. The take-nothing judgment is supported by the jury's failure to find that Baylor retaliated against Salay. The inclusion of the objected-to language appears

to have been inadvertent but has no effect on the judgment. Thus, if error, it is harmless. Accordingly, issue four is overruled.

Having overruled Salay's issues, we affirm the judgment.