# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00626-CV

**Safeshred, Inc., Appellant**

**v.**

**Louis Martinez, III, Appellee**

## FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
## NO. C-1-CV-07-013578, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

Because I agree that there was insufficient evidence to support the compensatory-damages award, I join the portion of the majority's opinion resolving that issue. However, for the reasons detailed below, I respectfully dissent from the remainder of the opinion by the majority.

As mentioned by the majority, Texas has a longstanding tradition of at-will employment, meaning that in the absence of a contract stating otherwise, either an employer or an employee "may terminate the employment relationship for any reason or no reason at all." *Texas Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 608 (Tex. 2002); *see City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000); *Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 502 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In *Sabine Pilot* the supreme court created an exception to the at-will doctrine for situations in which an employee is fired for refusing "to perform an illegal act." *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). Essentially,

the supreme court concluded that the public interest was best served by providing this exception to the general rule. Due to the limited issues that the supreme court was confronted with, the court did not expound upon what type of damages are available under this exception. Although the concurring opinion suggested that punitive damages can be awarded, *id.* at 736 (Kilgarlin, J., concurring), that suggestion was not and has not been adopted by a majority of the court.

Other than this "narrow exception to the employment at will doctrine," *Hawthorne v. Star Enter., Inc.*, 45 S.W.3d 757, 760 (Tex. App.—Texarkana 2001, pet. denied), courts have been reluctant to further modify the doctrine or impose new duties that alter the nature of an at-will relationship even when significant public-policy interests weigh in favor of modification, *see, e.g.*, *O'Bryant*, 18 S.W.3d at 216 (declining to recognize duty of good faith and fair dealing in employment relationships); *Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 403 (Tex. 1998) (holding that there is no common-law whistleblower exception to at-will employment). Instead, courts have reasoned that "it is best to defer to the Legislature's" determinations regarding if and how the at-will doctrine should be modified. *See Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 333 (Tex. 2006); *see also Austin*, 967 S.W.2d at 403 (leaving to legislature task of "crafting remedies for retaliation by employers"); *Salay v. Baylor Univ.*, 115 S.W.3d 625, 627 (Tex. App.—Waco 2003, pet. denied) (refusing to "encroach on the at-will doctrine without express legislative action").

As suggested, the legislature has adopted numerous exceptions to the at-will doctrine. *See O'Bryant*, 18 S.W.3d at 216; *see, e.g.*, Tex. Agric. Code Ann § 125.013(b) (West 2004) (prohibiting employer from retaliating against agricultural laborer for filing complaint regarding

chemicals used by its employer).[1]   Moreover, the legislature has also specified when punitive damages are available for violations of the exceptions.   *See, e.g.*, Tex. Lab. Code Ann. § 21.2585(a)(2), (b) (West 2006) (expressly authorizing recovery of punitive damages against employer who engages in "unlawful intentional employment practice" if employee shows that employer acted "with malice or with reckless disregard to the state-protected rights of an aggrieved individual").   However, despite the fact that *Sabine Pilot* was decided more than two decades ago and despite all of the modifications that the legislature has chosen to enact, the legislature has chosen

---

[1] *See also* Tex. Civ. Prac. & Rem. Code Ann. § 122.001 (West 2005) (forbidding discharge of employee because of jury service); Tex. Elec. Code Ann. §§ 161.007 (holding employer criminally liable if he prohibits or retaliates against employee for attending political convention as delegate), 276.001 (West 2010) (holding employer criminally liable if he retaliates against employee for voting); Tex. Fam. Code Ann. § 158.209 (West 2008) (prohibiting discrimination based on withholding order for child support); Tex. Gov't Code Ann. § 431.006 (West Supp. 2009) (forbidding discharge because of active duty in state military forces), § 554.002 (West 2004) (prohibiting governmental entity from retaliating against public employee who reports violation of law); Tex. Health & Safety Code Ann. § 81.102 (West Supp. 2009) (limiting ability of employer to force employee to take AIDS test), § 242.133 (West 2001) (prohibiting nursing homes from retaliating against employee who reports violation or participates in investigation relating to care or condition of institution), §§ 502.017(c) (forbidding discharge or discipline of employee who filed complaint related to use of hazardous chemicals), 592.015 (West 2003) (mandating that employers may not discriminate against employees with mental disabilities); Tex. Lab. Code Ann. §§ 21.051 (stating that employer "commits an unlawful employment practice" if he discriminates against employee on basis of "race, color, disability, religion, sex, national origin, or age"), 21.055 (forbidding employers from retaliating against employee who files discrimination complaint), 52.041 (prohibiting employers from pressuring employees to deal with certain companies or to make certain purchases), 101.052 (mandating that employers may not deny employment to person who is or is not member of union), 411.082 (stating that employers may not retaliate against employer who reported "violation of an occupational health or safety law"), 451.001 (West 2006) (forbidding employer from retaliating against employee who filed workers' compensation claim); Tex. Loc. Gov't Code Ann. § 160.006 (West 2008) (stating that county employee may not be retaliated against for initiating grievance procedure); Tex. Occ. Code Ann. § 103.001 (West 2004) (forbidding employer from requiring medical personnel to participate in abortion procedure if they object).

not to codify the judicially created exception and, accordingly, also has not authorized the recovery of punitive damages for that type of cause of action. *Cf. Austin*, 967 S.W.2d at 403 (explaining that although courts are not bound by legislative policy decisions when determining if common-law cause of actions exists, legislative actions do bear upon that decision).

Even though neither the legislature nor the supreme court has authorized an award of punitive damages in cases like this one, the majority concludes that punitive damages are available. In authorizing the recovery of punitive damages, the majority has also ignored the unique nature of punitive-damages awards. Although tort law governs behavior that is considered legally wrong, the primary focus of tort law is compensation, not punishment. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994). Accordingly, punitive remedies are only available in "the most exceptional cases." *See id.* (discussing need to limit punitive damages to most egregious circumstances because civil punishment can result in overdeterrence and overcompensation). Defining the boundaries for these exceptional cases in the *Sabine Pilot* context will necessarily involve the resolution of significant competing public-policy interests. Weighing and resolving these interests are tasks best left to branch of government specifically designed and best suited to make those types of determinations. Although I certainly recognize there may be cases in which the various policy interests might weigh in favor of a punitive-damages award, I believe that any further alterations to the at-will doctrine should be made by the legislature.

Given the numerous examples in which the legislature has chosen to carve out exceptions to the at-will doctrine, given the legislative inaction regarding *Sabine Pilot* causes of action, given the fact that the supreme court has not determined that punitive damages are available

4

for this type of cause of action, and given the limited circumstances in which punitive damages are ever authorized, I would conclude that punitive damages are not available in this type of case.

Accordingly, I respectfully dissent to the portion of the majority's opinion affirming the imposition of punitive damages.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Henson

Filed:   April 23, 2010

5