# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00007-CV

**John Doe, Appellant**

**v.**

**Board of Directors of the State Bar of Texas; Commission for Lawyer Discipline; and Linda Acevedo, in her Official Capacity as the Chief Disciplinary Counsel of the State Bar of Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-14-001635, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Doe[1] appeals the trial court's dismissal of his declaratory judgment action against the Board of Directors of the State Bar of Texas, the Commission for Lawyer Discipline, and Linda Acevedo, in her Official Capacity as the Chief Disciplinary Counsel of the State Bar of Texas (collectively, the State Bar Defendants). Doe sought declarations that the State Bar Defendants were not prohibited from disclosing to Doe, as a grievance complainant, Acevedo's recommendation to the summary disposition panel concerning Doe's grievance against an attorney, that he was entitled to a copy of the recommendation, and that Acevedo had acted without authority in refusing to provide him a copy. The State Bar Defendants filed a motion to dismiss for lack of jurisdiction, which the trial court granted. For the reasons that follow, we affirm the trial court's order.

---

[1] John Doe is a pseudonym for a person who filed a grievance against a Texas attorney.

**BACKGROUND**

Doe filed a grievance against an attorney alleging violations of the Rules of Disciplinary Procedure. *See* Tex. Rules Disciplinary P. R. 1.06(R), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A-1 (defining "grievance" as "a written statement, from whatever source, apparently intended to allege Professional Misconduct by a lawyer, or lawyer Disability, or both, received by the Office of Chief Disciplinary Counsel"). Acevedo made a threshold determination to classify the grievance as a "complaint" and began an investigation into whether "just cause" existed. *See id.* R. 1.06(G) (defining "complaint" as written matter alleging conduct that constitutes professional misconduct and/or disability), (S) (defining "inquiry" as written matter alleging conduct that, even if true, does not constitute professional misconduct or attorney disability, or both), (U) (defining "just cause" in relevant part as "such cause as is found to exist upon a reasonable inquiry that would induce a reasonably intelligent and prudent person to believe that an attorney . . . has committed an act or acts of Professional Misconduct requiring that a Sanction be imposed . . . ."), R. 2.10 (requiring Chief Disciplinary Counsel to examine grievances and classify as inquiry or complaint). Grievances classified as complaints are sent to the respondent attorney with notice to provide a written response to the allegations within thirty days. *See id.* R. 2.10.

After receiving the attorney's response and a series of replies and responses, Acevedo investigated the complaint and notified Doe that she did not find just cause and would refer the complaint to the summary disposition panel. *See id.* R. 1.06 (CC) (defining summary disposition panel as panel of grievance committee that determines whether complaint should proceed or be dismissed based on absence of evidence of just cause after reasonable investigation by Chief

2

Disciplinary Counsel). Acevedo placed the complaint on the docket of the summary disposition panel. *See id.* R. 2.13 (requiring Chief Disciplinary Counsel, upon determination that just cause does not exist, to place complaint on docket of summary disposition panel).

At the summary disposition panel docket, Acevedo presented the complaint, and the panel dismissed the complaint.[2] *See id.* R. 2.13 (requiring Chief Disciplinary Counsel to present at summary disposition panel docket complaint "together with any information, documents, evidence, and argument deemed necessary and appropriate by the Chief Disciplinary Counsel, without the presence of the Complainant or Respondent" and providing that summary disposition panel shall determine whether complaint should be dismissed or proceed). Doe asked for a copy of Acevedo's recommendation to the summary disposition panel. Acevedo denied Doe's request, citing the confidentiality provisions of Rule 2.16. *See id.* R. 2.16 ("All members of the staff of the Office of Chief Disciplinary Counsel, Board of Disciplinary Appeals, Committees, and Commission shall maintain as confidential all Disciplinary Proceedings and associated records [with exceptions not relevant to this appeal]."). Doe filed a declaratory judgment action against the State Bar Defendants seeking declarations that he is entitled to receive a copy of Acevedo's recommendation, that Rule 2.16 does not apply to him as complainant and does not prohibit him from receiving or the State Bar Defendants from providing him a copy of Acevedo's recommendation, and that Acevedo acted without authority in denying his request for a copy of the recommendation. Doe also sought an order requiring Acevedo to provide a copy of her recommendation to him.

---

[2] There is no appeal of the panel's decision to dismiss. Tex. Rules Disciplinary P. R. 2.13.

3

The State Bar Defendants filed a motion to dismiss for lack of jurisdiction. They asserted that they are protected by sovereign and statutory immunity, that Doe had alleged no actual injury and lacked standing, that Doe's claims were moot, and that the trial court could not intervene in the disciplinary process, which the Texas Supreme Court has authority to regulate. Following a hearing, the trial court granted the State Bar Defendants' motion to dismiss. Doe then filed this appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

In their motion to dismiss, the State Bar Defendants argued that the trial court lacked subject matter jurisdiction. Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The ultimate inquiry is whether the particular facts presented affirmatively demonstrate a claim within the trial court's subject matter jurisdiction. *Bacon v. Texas Historical Comm'n*, 411 S.W.3d 161, 171 (Tex. App.—Austin 2013, no pet.). Among the grounds that the State Bar Defendants asserted for the trial court's lack of subjection matter jurisdiction was that Doe's claims are barred by sovereign immunity.[3] Sovereign immunity protects the State of Texas and its agencies from lawsuits, including suits for declaratory or injunctive relief, unless immunity has been expressly waived. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam); *Harris*

---

[3] The State Bar Defendants did not assert sovereign immunity in their motion to dismiss but did include it as a ground for dismissal in their argument at the hearing on the motion. Doe does not contend that they have waived this argument, and the parties join issue on sovereign immunity on appeal. In any event, because sovereign immunity implicates subject matter jurisdiction, a party may raise it for the first time on appeal. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–96 (Tex. 2012); *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).

4

*Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 857 (Tex. 2002). The State Bar is a government agency that is entitled to the protection afforded by sovereign immunity. *See* Tex. Gov't Code § 81.011(a) (describing State Bar as administrative agency of judicial department of government). As a standing committee of the State Bar, the Commission is likewise protected by sovereign immunity. *See* Tex. Gov't Code § 81.076(b) (Commission is standing committee of State Bar); *Willie v. Commission for Lawyer Discipline*, No. 14-10-00900-CV, 2011 Tex. App. LEXIS 5684, at *11 (Tex. App.—Houston [14th Dist.] July 26, 2011, pet. denied) (mem. op.) (Commission entitled to sovereign immunity unless waived). As a government official, the Chief Disciplinary Counsel may be a proper party to a suit that alleges, and ultimately proves, that she failed to perform a purely ministerial act or acted without legal authority and thus falls within the ultra vires exception to sovereign immunity. *See* Tex. Gov't Code § 81.076(g) (authorizing Commission for Lawyer Discipline, with advice and consent of State Bar Board of Directors, to select Chief Disciplinary Counsel to serve as administrator of State Bar's grievance procedure); *Sefzik*, 355 S.W.3d at 621; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (discussing ultra vires exception to sovereign immunity).

There is no general right to sue a state agency for a declaration of rights, and although the Uniform Declaratory Judgment Act (UDJA) waives immunity for certain claims, it is not a general waiver of immunity. *See* Tex. Civ. Prac. & Rem. Code § 37.006(b); *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). It does not enlarge a trial court's jurisdiction, and a request for declaratory relief does not alter the underlying nature of a suit. *Heinrich*, 284 S.W.3d at 370; *IT-Davy*, 74 S.W.3d at 855. When sovereign immunity bars a claim

5

against a governmental entity, the trial court lacks subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224.

## DISCUSSION

In his first issue, Doe acknowledges that sovereign immunity bars his claims except to the extent immunity is expressly waived by the legislature. Doe contends, however, that his claims fall within exceptions allowing actions that (1) challenge the validity of a statute and (2) assert ultra vires claims against a state officer. *See Sefzik*, 355 S.W.3d at 622 (state may be proper party to declaratory judgment action that challenges validity of statute); *Heinrich*, 284 S.W.3d at 372 (suits against governmental officials alleging, and ultimately proving, that they acted without legal authority or failed to perform purely ministerial act fall within ultra vires exception to governmental immunity). We address each exception in turn.

**Ultra Vires Claims**

Doe contends that his claims against Acevedo are not barred by sovereign immunity because they fall within the exception for ultra vires claims against a state official. *See Heinrich*, 284 S.W.3d at 372. For the ultra vires exception to immunity to apply, a plaintiff must prove that the state actor either failed to perform a ministerial task or acted without legal authority. *Southwestern Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015); *Heinrich*, 284 S.W.3d at 372. Doe argues that Acevedo acted ultra vires in denying his request for a copy of her recommendation to the summary disposition panel based on a misinterpretation of Rule 2.16. He does not contend that Acevedo failed to perform a purely ministerial act but complains that because

6

Rule 2.16 does not expressly prohibit disclosure of the recommendation to a complainant, Acevedo acted without legal authority in withholding it. To determine whether Doe has asserted a valid ultra vires claim that invokes the trial court's subject matter jurisdiction, we construe the provisions of Rule 2.16 that define the scope of Acevedo's legal authority, apply them to the facts that Doe has alleged, and ascertain whether those facts constitute acts beyond Acevedo's legal authority. *See City of New Braunfels v. Tovar*, 463 S.W.3d 913, 919 (Tex. App.—Austin 2015, no pet.) (citing *Texas Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 701–02 (Tex. App.—Austin 2011, no pet.)).

Under Rule 2.16, the Office of Chief Disciplinary Counsel, Board of Disciplinary Appeals, Committees, and Commission are required to "maintain as confidential all Disciplinary Proceedings and associated records." *See* Tex. Rules Disciplinary P. R. 2.16. Thus, the plain language of the rule requires confidentiality. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010) (we apply plain meaning of text unless different meaning is supplied by legislative definition or is apparent from context or unless plain meaning leads to absurd results); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009) (our primary concern is express statutory language). The rule includes several exceptions to confidentiality not relevant to this appeal, but it does not include an exception for disclosure to complainants. Doe's argument that Acevedo acted without authority in withholding a copy of her recommendation inverts the ultra vires exception. For Acevedo to make an exception for complainants when no such exception is contained in Rule 2.16 would be to act without legal authority, not the other way around, as Doe argues. We conclude that Acevedo acted with authority

of law in withholding her recommendation from Doe and that the ultra vires exception is inapplicable to her. *See Tovar*, 463 S.W.3d at 919; *Emmett*, 459 S.W.3d at 589 (where city employee acted in accordance with city ordinance, he acted with authority of law, and ultra vires exception did not apply to him).

**Challenge to Rule 2.16**

As for the other State Bar Defendants, Doe challenges Rule 2.16 in two interrelated arguments. He sought a declaration that as a matter of law Rule 2.16 does not apply to him as complainant and that it does not prohibit him from receiving and the State Bar Defendants providing to him Acevedo's recommendation prior to presenting that recommendation to the summary disposition panel. Doe argues that this request for an interpretation of Rule 2.16 falls within the exception allowing actions against the state that challenge the validity of a statute. *See* Tex. Civ. Prac. & Rem. Code § 37.006(b) (requiring joinder of municipality in challenge to municipal ordinance or franchise); *Sefzik*, 355 S.W.3d at 622 & n.3 (interpreting section 37.006(b) as requiring joinder of state in challenge to statute); *O'Quinn v. State Bar of Texas*, 763 S.W.2d 397, 399 (Tex.1998) (concluding disciplinary rules should be treated like statutes). On its face, this request for declaratory relief appears to be a request for statutory interpretation that would fall within the exception, allowing suit against the Board and the Commission. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634–35 (Tex. 2010) (UDJA contemplates that governmental entities may be joined in suits to construe legislative pronouncements, both those seeking invalidation and those involving interpretation) (citing *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 433, 446 (Tex. 1994)).

Even if we were to conclude that Doe's claims fall within this exception to sovereign immunity, however, Doe has failed to allege a legally cognizable interest in obtaining a copy of Acevedo's recommendation. Doe argues that he "properly alleged his specific and legally cognizable interest affected by the State Bar Defendants' actions." However, Doe has asserted no statutory or other basis for his contention that he is entitled to a copy of Acevedo's recommendation. He cites section 81.072 of the Government Code, which requires the Texas Supreme Court to establish standards and procedures that provide for a full explanation to each complainant on dismissal of a complaint. *See* Tex. Gov't Code § 81.072(b)(2). Yet he points us to no statute or rule requiring or even authorizing the Chief Disciplinary Counsel to provide the complainant with a copy of the recommendation to the summary disposition panel. It is undisputed that Rule 2.16 does not require disclosure, and we are unpersuaded by Doe's argument that he is somehow entitled to disclosure merely because the confidentiality rule does not expressly prohibit disclosure to complainants.

Doe claims that Acevedo's denial of his request for a copy of her recommendation has prevented him from being able to review Acevedo's finding and evaluate how his complaint failed to meet the standard of just cause, "render[ing] futile any effort to correct [his] grievance in a new filing." But he has cited to no authority, and we know of none, for the proposition that Doe has a statutory or common law cause of action encompassing the legal right to demand documentation from the State Bar Defendants in order to assist him in preparing a potential future complaint against an attorney. Even if we were to construe the confidentiality provision of Rule 2.16 as inapplicable to Doe, he has not alleged, nor can he allege, any legal basis supporting his right to

9

access or view Acevedo's recommendation to the summary disposition panel. Therefore Doe has not pleaded a legally cognizable claim under any statute, rule, or common law cause of action capable of conferring subject matter jurisdiction upon the trial court.[4] *See A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 708 (Tex. 2007) (without statutorily required written agreement, joint owner had no cognizable claim to sums in joint tenant with right of survivorship account); *Austin v. HealthTrust, Inc.*, 967 S.W.2d 400, 401 (Tex. 1998) (plaintiff failed to state cognizable claim under Texas common law, which did not recognize private whistleblower cause of action); *King v. Moores*, No. 13-05-00694-CV, 2006 Tex. App. LEXIS 6083, at *12–14 (Tex. App.—Corpus Christi July 13, 2006, no pet.) (mem. op.) (affirming trial court's grant of plea to jurisdiction on ground plaintiff failed to state cognizable claim under applicable state law); *cf. Leeper*, 893 S.W.2d at 437 (involving class action plaintiffs who sought declaration that compulsory school attendance law did not apply to home schooling and who alleged constitutional and civil rights violations resulting from prosecutions and threatened prosecutions).

We therefore conclude that the trial court lacked subject matter jurisdiction and properly granted the State Bar Defendants' motion to dismiss. *See Emmett*, 459 S.W.3d at 589; *HealthTrust*, 967 S.W.2d at 401. We overrule Doe's first issue. Because this issue is dispositive, we do not reach Doe's second issue, in which he argues that he had standing because he alleged actual harm and his claims are not moot, or his third issue, in which he argues that he did not seek

---

[4] To the extent Doe asked the trial court to modify Rule 2.16 or to implement a new rule requiring disclosure of the Chief Disciplinary Counsel's recommendation to the summary disposition panel, it is powerless to do so. *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 244–46 (Tex. 1994) ("[A] district court has no authority to assume [the Supreme Court's] authority to regulate the legal profession. This prohibition includes the rendition of orders that would, as a practical matter, preempt [the Supreme Court's] authority.").

to enjoin a grievance proceeding or create a new rule and that the trial court would not be intruding on the province of the Texas Supreme Court to regulate attorney discipline.

## CONCLUSION

Having concluded that the trial court lacked subject matter jurisdiction, we affirm the trial court's order granting the State Bar Defendants' motion to dismiss.[5]

_____
Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   October 27, 2015

---

[5] Doe's unopposed motion for leave to file supplemental brief is granted.