# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00061-CV

---

**Purnell Williams, Appellant**

**v.**

**Yaghi's Pizzeria; DR&F Enterprises LLC; and Rodney Scott Labrie, Appellees**

---

**FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-23-009104, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Purnell Williams appeals from the order granting the Rule 91a motion to dismiss his whistleblower cause of action against appellees Yaghi's Pizzeria; DR&F Enterprises LLC; and Rodney Scott Labrie. He contends that appellees' late answer constituted a default and that the court misapplied the Whistleblower Act and improperly relied on the at-will employment doctrine to dismiss his claims. We will affirm the judgment.

## BACKGROUND

In his original petition, Williams sued Yaghi's, DR&F, and Labrie for workplace negligence and retaliation; he later filed an amended complaint adding a claim for emotional distress. Williams alleged that he worked as a cook at Yaghi's, that DR&F was Yaghi's parent company, and that Labrie owned Yaghi's. He alleged that another employee would mop and remove non-slip floormats without replacing them, that the restaurant's kitchen floor was

dangerously slippery and that he slipped sometimes, that the employee interfered with him and his work, and that his report of these conditions and actions led to his improper firing. Appellees filed an answer including a general denial and later filed a motion to dismiss under Rule 91a. The trial court granted appellees' motion in part, dismissing Williams's negligence and emotional-distress claims against all defendants and his retaliation claim against Labrie. The court allowed Williams to replead his retaliation and wrongful-termination claims against Yaghi's and DR&F.

Williams then filed his First Amended Petition for Wrongful Termination against "Yaghi's Pizzeria DR&F Enterprises LLC"; he used the singular "defendant" in the style and body of his amended petition and did not name Labrie as a defendant at all. Williams alleged that he was employed by Yaghi's, performed satisfactorily, and reported workplace-safety concerns and violations of safety regulations to his supervisors and management. He asserted that his reports made him a whistleblower about the unsafe working conditions and that he was wrongfully terminated in retaliation for his whistleblowing activities regarding workplace-safety violations. He asserted that his termination was wrongful because it violated Texas public policy against "a. Retaliating against Plaintiff for engaging in legally protected whistleblower activities and reporting workplace safety violations; [and] b. Terminating Plaintiff in violation of public policy that protects employees who act in good faith to report unsafe working conditions or illegal activities."

Williams later moved for a default judgment because "Defendants Yaghi's Pizzeria DR&F Enterprises LLC and Rodney Scott Labrie" had not filed an answer to his amended petition. "Yaghi's Pizzeria, DR&F Enterprises LLC, and Rodney Scott Labrie" then filed an answer to the amended petition that included a general denial. The next day, "Yaghi's

2

Pizzeria aka DR&F Enterprises LLC ("Defendants")" filed a Rule 91a motion seeking to dismiss "Williams's whistleblower cause of action." Yaghi's argued that Texas does not recognize a cause of action for retaliatory discharge of a private-employee whistleblower and that wrongful termination is not a standalone cause of action because of the employment-at-will doctrine. The trial court granted "Defendants'" 91a motion to dismiss.

## DETERMINATION OF PARTIES

Williams initially sued Yaghi's, DR&F, and Labrie. When he filed the First Amended Petition—the live pleading—he named "Yaghi's Pizzeria DR&F Enterprises LLC" as "defendant" in the style and body of that petition. He did not name Labrie as a defendant or mention him in the amended petition. By rule, previous petitions are no longer regarded as part of the pleading in the record of this cause, and the omission of Labrie from the amended petition voluntarily dismisses claims against him. *See* Tex. R. Civ. P. 65. Thus, Labrie was not properly the subject of the final judgment and is not properly an appellee.

The record is not clear on the relationship between Yaghi's and DR&F, but Williams did not distinguish between Yaghi's and DR&F in his claims in his First Amended Petition, and the trial court did not treat Yaghi's and DR&F differently in its orders. Regardless, we will refer to Yaghi's and DR&F as "Appellees."

## DISCUSSION

Williams contends that the trial court erred by not granting him a default judgment against Appellees and by dismissing his whistleblower claim based on the at-will employment doctrine.

3

The trial court did not err by denying Williams's motion for default judgment. We review the denial of a motion for default judgment for an abuse of discretion. *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Though Williams made new claims in his amended petition and Appellees' answer was late, a defendant is entitled to file an answer any time before the court announces a judgment by default. *Id.* (citing *City of Jefferson v. Jones,* 12 S.W. 749, 749 (Tex. 1889)). "Once an answer is on file, even if it is filed after the due date, the district court may not render a no-answer default judgment." *Id.* at 109 (quoting *Conely v. Texas Bd. of Crim. Justice,* No. 03-08-00293-CV, 2010 WL 1632972, at *2 (Tex. App.—Austin Apr. 22, 2010, no pet.) (mem. op.)). Appellees filed an answer to the First Amended Petition before the court announced default, therefore the trial court could not grant default and did not err by failing to do so.

Williams also challenges the trial court's grant of Appellees' Rule 91a motion to dismiss his whistleblower claims. Under Rule 91a, a party may move to dismiss a cause of action on the ground that it has no basis in law or fact. Tex. R. Civ. P. 91a.1. Dismissal is appropriate "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (quoting Tex. R. Civ. P. 91a.1). In ruling on a Rule 91a motion, the trial court may not consider evidence and must base its ruling only on the pleading of the cause of action, together with any exhibits permitted under Rule 59. Tex. R. Civ. P. 91a.6; *see id.* R. 59 (permitting party to attach to pleading "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense" and providing that such instruments are considered part of pleadings). We review de novo a trial court's

decision on a Rule 91a motion "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Sanchez*, 494 S.W.3d at 724. In conducting our review, we construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied).

The trial court did not err by granting Appellees' Rule 91a motion to dismiss Williams's whistleblower claims. Texas is an at-will employment state, meaning that—with a key exception discussed below—employment for an indefinite term may be ended at will and without cause. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734-35 (Tex. 1985). Williams contends that his report was protected by the Texas Whistleblower Act, but the act's protections apply only to governmental employees. *See* Tex. Gov't Code § 554.001 (defining "public employee" as employee paid to perform services for state or local governmental entity), .002(a) (prohibiting adverse personnel actions against public employees who in good faith report violations of law by their employer or another public employee to appropriate law-enforcement authorities); *cf. City of Denton v. Grim*, 694 S.W.3d 210, 214 (Tex. 2024) (denying Whistleblower Act coverage to reports of wrongdoing by unpaid city councilor who was not public employee). Williams also cites to a Labor Code provision protecting persons who report alleged violations of occupational health and safety laws to the Worker's Compensation Commission. *See* Tex. Lab. Code § 411.082; *Austin v. HealthTrust-The Hosp. Co.*, 967 S.W.2d 400, 402 (Tex. 1998) (limiting scope of Labor Code § 411.082 to reports to Worker's Compensation Commission). Further, in his reply brief, Williams states that Section 411.082 "indeed appl[ies] to public employees." Williams alleged he was fired for reporting violations to

5

his supervisors and employer at the pizzeria, not to the Worker's Compensation Commission. Williams did not show a viable claim that either statute protected him from retaliatory firing by Appellees.

Williams's contention that the trial court improperly relied on the at-will employment doctrine in dismissing his claims without considering public-policy exceptions underlying whistleblower protections also fails. Texas has not found or created a general exception to the at-will employment doctrine protecting privately employed whistleblowers from discharge in retaliation for reporting illegal activities of fellow employees. *See Austin*, 967 S.W.2d at 401. Noting that the Legislature has enacted measures to protect employees who report illegal activity in the workplace in some circumstances, the Texas Supreme Court deferred to the Legislature and declined to find a broad right to sue for retaliatory discharge. *Austin*, 967 S.W.2d at 401-02 (discussing anti-retaliation statutes for whistleblowers who are physicians, nursing-home employees, and workers who use hazardous chemicals). As an intermediate court of appeals, we cannot tread where the Texas Supreme Court dares not and the Legislature chooses not to go. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent."); *Austin*, 967 S.W.2d at 401-02 ("Our review of legislative action in the employment-at-will area leads us to conclude that it would be unwise for this Court to expand the common law because to do so would essentially eclipse more narrowly-crafted statutory whistleblower causes of action."). There is no general common-law right for private employees to sue for retaliatory discharge for being fired for reporting illegal activities by fellow employees, and Williams cited no statutory vehicle for his claims. Similarly, we find no general

exception to the at-will employment doctrine protecting privately employed whistleblowers from discharge in retaliation for reporting dangerous activities of fellow employees.

Finally, Williams has not shown that his claims are within the *Sabine Pilot* exception that allows employees to recover damages by showing "by a preponderance of the evidence that his discharge was for no other reason than his refusal to perform an illegal act." *Sabine Pilot*, 687 S.W.2d at 735. Williams alleged that he performed his duties diligently and satisfactorily, that he reported others for violating safety regulations and unsafe working conditions, and that he was "wrongfully terminated by Defendant Yaghi's Pizzeria in retaliation for his whistleblower activities, specifically his reporting of workplace safety violations." He also alleged "that his termination was not based on his performance but was retaliatory and motivated by his lawful actions as a workplace safety whistleblower." He did not allege that he was asked to perform an illegal act or was discharged for refusing to perform an illegal act; his claims, therefore, are not within the *Sabine Pilot* exception.

We conclude that Williams has not shown that the trial court erred by granting the Rule 91a motion to dismiss.

## CONCLUSION

We affirm the judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed: August 15, 2025

7